1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

3

4        WHOOPS TRANSPORT, INC.,

5        Plaintiff

6        v.

7
         BLUE RIBBON COMMODITY
8        TRADERS, INC.,

9        Defendant

10
         v.                                              CIVIL 07-2033 (GAG)
11

12       JOSÉ RAMOS ORTIZ, individually and
         d/b/a FRIGORÍFICO RAFO'S and/or
13       RAFO'S SEA FOOD and/or RAFO'S
         SEA FOOD DISTRIBUTOR;
14       PROGRESSO CASH & CARRY;
15       COOPERATIVA DE ISABELA; ALL
         PACKING PRODUCTS & EXPORT;
16       CORP.; QUALITY FOODS
         DISTRIBUTORS; and SUPER-
17       MERCADOS MR. SPECIAL, INC.,

18
         Garnishees
19

20                                 O R D E R

21          This matter comes before the court on The Bancorp Bank's  ("Bancorp")

22
         "Motion for Limited and Restricted Intervention Pursuant to Rule E(8) of the
23
         Supplemental Rules for Certain Admiralty and Maritime Claims." (Docket No. 59,
24
25       May 8, 2008.)  Bancorp requests that it be authorized to specially appear in this

26       case to defend and protect its security interest in the collateral garnished in this

27
         present action.  (Id. at 6.)  On May 21, 2008, plaintiff Whoops Transport, Inc.
28

CIVIL 07-2033 (GAG)                           2

("Whoops") filed its response to Bancorp's motion for intervention.  (Docket No. 66.)

In August of 2005 Bancorp and defendant Blue Ribbon Commodity Traders, Inc. ("Blue Ribbon") entered into a loan agreement whereby Bancorp provided Blue Ribbon with two separate credit lines and Blue Ribbon executed credit notes in favor of Bancorp.  Additionally, the parties entered into a security agreement giving Bancorp a first priority security interest over "among other collateral, all accounts receivable owned by Blue Ribbon."  (Docket No. 59, at 3, ¶ 10.) Furthermore, Bancorp filed a financial statement concerning the security interest in compliance with the requirements of the Uniform Commercial Code of Pennsylvania.  That statement was filed with the Secretary of the Commonwealth of Pennsylvania. (Id. ¶ 12.)  Bancorp has provided copies of  relevant documents as exhibits accompanying its motion.  (Docket No. 59.)

Blue Ribbon defaulted on the loan.  (Id. at 4.)  Accordingly, Bancorp demanded payment of the balance due under the loan and that Blue Ribbon immediately turn over the collateral to Bancorp, including all accounts receivable. (Id.)

In the original complaint, Whoops alleged that Blue Ribbon breached a contract by non-payment for transportation of several shipments of refrigerated cargo. (Docket No. 1.)  Whoops caused pre-judgment writs of garnishment to be

CIVIL 07-2033 (GAG)                              3

issued as to certain of Blue Ribbon's customers.  (Docket No. 9.)  Bancorp alleges

that, as a result of the garnishments, some of the garnishees have paid portions

of Bancorp's collateral into the court.  (Docket No. 59, at 5, ¶ 22.)  In addition to

its motion to intervene in this action,  Bancorp has also filed an action against

Whoops alleging conversion and contractual interference in the United States

District Court for the Eastern District of Pennsylvania.  (Docket No. 59, at 6, ¶

26.)

     In relevant part, Rule 24 of the Federal Rules of Civil Procedure provides

that a party will be permitted to intervene if it is claiming an "interest relating to

the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede the movant's

ability to protect its interest. . . ."  Fed. R. Civ. P. 24(a)(2).  Bancorp is claiming

an interest in the garnished property at the center of the action, and the

disposition of the action could certainly impair or impede Bancorp's ability to

protect its interest in the property.

     Whoops does not disagree, and "finds no reason to oppose Bancorp's

request to intervene in the instant case in order to defend its interests." (Docket

No. 66, at 6.)  However, Whoops takes issue with Bancorp's action against it in

the  Eastern  District  of  Pennsylvania,  and  its  potential  for  conflicting

determinations.  (Id. at 3-7.)  Whoops requests that Bancorp only be allowed to

CIVIL 07-2033 (GAG)                    4

intervene in this action if "Bancorp files proof that it has requested the voluntary

dismissal with prejudice" of the other action.  (Id. at 7.)

To avoid potential conflicting determinations, Whoops suggests invoking the

so-called "first-to-file rule," to have either the Pennsylvania claim dismissed, or

for this court to enjoin the prosecution of cases similar to the present action in

different federal district courts.  (Id. at 4-5.)   The first-to-file rule may be

implemented when "identical actions are proceeding concurrently in two federal

courts, entailing duplicative litigation and a waste of judicial resources;" if this is

the case, "the first filed action is generally preferred in a choice-of-venue

decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)

(citing Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir. 1977).

The first-to-file rule is discretionary in nature, Small v. Wageman, 291 F.2d

734, 736 (1st Cir. 1961), as Whoops itself points out.  (Docket No. 66, at 5.)

Being that the two actions in question are not identical, I see no compelling

reason to enjoin Bancorp from pursuing litigation against Whoops in Pennsylvania,

nor to require Bancorp to voluntarily dismiss the action.

In view of the above, Bancorp's motion to intervene is GRANTED.

At San Juan, Puerto Rico, this 6th day of June, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge